IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

AVERYL C. McDANIELS,

Plaintiff,

vs.

CIVIL ACTION NO.: CV204-114

HARLEY C. LAPPIN; HARRELL
WATTS; Mr. SERO; LISA M.
SUNDERMAN; ROBERT E.
McFADDEN; Mr. DUNCAN; JEFF
COUGHLIN; YOLANDA TUBBS;
LAURA VICE-HARRIS, and
MARIEA SUMNER,

Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at the Federal Satellite Low Camp in Jesup, Georgia, has filed an action pursuant to 28 U.S.C.A. § 1331 and Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed.2d 619 (1971). Defendants filed a Motion to Dismiss, and Plaintiff filed a Response. For the reasons which follow, Defendants' Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff asserts that Defendants retaliated against him because he filed Administrative Remedies against various prison officials and because he has filed lawsuits in the District Court. Plaintiff contends that Defendants have retaliated against him by denying his request to be transferred to a camp facility in Alabama.

Defendants aver that Plaintiff has not exhausted his administrative remedies on this matter, and, as a result, his Complaint should be dismissed.

AO 72A
(Rev. 8/82)

## STANDARD OF DETERMINATION

A motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should not be granted "'unless it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief.'" Bradberry v. Pinellas County, 789 F.2d 1513, 1515 (11th Cir. 1986) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed.2d 80 (1957)); accord Martinez v. American Airlines, Inc., 74 F.3d 247, 248 (11th Cir. 1996). In making this determination, a court must construe the complaint in a light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 2182, 153 L. Ed.2d 413 (2002). Furthermore, all facts alleged by the plaintiff must be accepted as true. Christopher, 536 U.S. at 406, 122 S. Ct. at 2182. When evaluating a motion to dismiss, the issue is not whether a plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986). The threshold is "'exceedingly low'" for a complaint to survive a motion to dismiss. Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985) (quoting Quality Foods de Centro America, S.A. v. America Agribusiness Devel., 711 F.2d 989, 995 (11th Cir. 1983)). A complaint filed by a *pro se* plaintiff is held to even less stringent standards than a complaint drafted by a lawyer. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596, 30 L. Ed.2d 652 (1972) (citing Conley, 355 U.S. at 45-46, 78 S. Ct. at 102).

## DISCUSSION AND CITATION OF AUTHORITY

Defendants assert that Plaintiff has failed to exhaust his administrative remedies regarding his contention that Defendants retaliated against him. Defendants contend that

2

AO 72A
(Rev. 8/82)

Plaintiff has filed numerous Administrative Remedies, but all of his Administrative Remedies pertain to matters other than his claim that Defendants retaliated against him. Defendants allege that Plaintiff filed a grievance that he was being discriminated against because other inmates were designated for camp placement while he was not. Defendants also allege that Plaintiff does not name any of them in his Administrative Remedy requests or the appeals based on the denials of those requests.

Plaintiff asserts that 28 U.S.C.A. § 1997(e) is "inconsistent with any provisions of the First Amendment" and that this Code section "should have no force and validity." (Doc. No. 78, p. 3.) Plaintiff also asserts that he is not required to exhaust his administrative remedies prior to filing a Bivens suit because he is only seeking monetary damages.

Where Congress explicitly mandates, federal prisoners seeking relief under Bivens must first exhaust inmate grievance procedures before filing suit in federal court. Porter v. Nussle, 534 U.S. 516, 524, 122 S. Ct. 983, 988, 152 L. Ed.2d 12 (2002); McCarthy v. Madigan, 503 U.S. 140, 144, 112 S. Ct. 1081, 1086, 117 L. Ed.2d 291, 299 (1992). 42 U.S.C.A. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed.2d 12 (2002), the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter at 523, 122 S. Ct. at 987. Thus, even when the prisoner is seeking relief not provided for under the grievance process, exhaustion is still a prerequisite to his filing suit. Id. at 524, 122 S. Ct. at 988; Booth v. Churner, 532 U.S. 731, 732, 121 S. Ct. 1819, 1821, 149 L. Ed.2d 958 (2001). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded

3

to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. Id.

Furthermore, "[t]he Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court." Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992). According to these regulations, an inmate can file a grievance with the Warden, and the Warden has 20 days to respond. 28 C.F.R. § 542.15(a). If the inmate is not satisfied with the Warden's response, he may file an appeal with the Regional Director. Id. Finally, if the inmate is not satisfied with the Regional Director's response, he can file an appeal with the General Counsel for the Federal Bureau of Prisons. Id.

A review of the documents submitted by the parties indicates that Plaintiff has filed quite a number of Administrative Remedy requests and appeals thereof. The Court declines to list each Administrative Remedy request Plaintiff has submitted. However, the Court does note that Plaintiff's Administrative Remedy Number 304834-F1 was received at the institutional level on July 16, 2003, and he complained of "discrimination". (Gov't's Ex. 11, p. 7.) Plaintiff's appeal (304834-R1) was received at the Regional Office on August 12, 2003, and the notes concerning this appeal indicate that Plaintiff complained of discrimination regarding his classification status and requested camp placement. (Gov't's Ex. 11, p. 8.) Finally, Plaintiff's final appeal for this matter, Number 304834-A1, was received at the Central Office on September 16, 2003, and the notes for this appeal were identical to those for Plaintiff's appeal to the Regional Office. (Gov't's Ex. 11, p. 9.)

4

Plaintiff exhausted his administrative remedies as to his contention that he was being denied camp placement due to an improper reason; however, it appears that Plaintiff contends through the Administrative Remedy request that he was being discriminated against, not that Defendants were retaliating against him. Plaintiff was permitted to proceed in this case on his claim that Defendants retaliated against him. He has not exhausted his administrative remedies as to this claim. Plaintiff does not dispute Defendants' contention in this regard. (Pl.'s Aff., ¶¶ 64-66.) In fact, Plaintiff hardly mentions Defendants' assertion that he did not exhaust his administrative remedies as to his claim that Defendants retaliated against him by denying him camp placement. Finally, contrary to Plaintiff's assertion, even if he were only seeking monetary damages from Defendants, he would still be required to exhaust his administrative remedies. See Booth, 532 U.S. at 734, 121 S. Ct. at 1821.

It is unnecessary to address the remaining grounds of Defendants' Motion.

## CONCLUSION

Based on the foregoing reasons, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss (Doc. No. 64) be **GRANTED** and Plaintiff's Complaint be **DISMISSED**, without prejudice, due to his failure to exhaust his administrative remedies.

**SO REPORTED** and **RECOMMENDED**, this 20th day of June, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

# United States District Court
## Southern District of Georgia

MCDANIELS )

vs )  CASE NUMBER CV204-114

USA )  DIVISION BRUNSWICK

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 6/20/05, which is part of the official record of this case.

Date of Mailing:  6/20/05

Date of Certificate   [X] same date,   or _____

Scott L. Poff, Clerk

By: _Sherry Taylor_
Sherry Taylor, Deputy Clerk

**Name and Address**

Delora Kennebrew
Averyl McDaniels, 10646-112, FCC Yazoo City, P.O. Box 5000, Yazoo City, MS 39194

☐ Copy placed in Minutes
☐ Copy given to Judge
[X] Copy given to Magistrate